[Cite as *State v. Smart*, 2023-Ohio-955.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 AP 06 0018 |
| TED SMART | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2021 CR 10 0316 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 23, 2023 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RYAN STYER<br>Tuscarawas County Prosecutor | DAN GUINN<br>232 West 3rd Street – Suite #312<br>Dover, Ohio 44622 |
| KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Tuscarawas County Prosecutors Office<br>125 E. High Avenue<br>New Philadelphia, Ohio 44663 | |

*Hoffman, J.*

{¶1} Defendant-appellant Ted Smart appeals the judgment entered by the Tuscarawas County Common Pleas Court convicting him following his pleas of no contest to two counts of gross sexual imposition (R.C. 2907.05(A)(1)) and sentencing him to twelve months incarceration on each count, to be served consecutively. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On October 29, 2021, Appellant was indicted by the Tuscarawas County Grand Jury on two counts of rape, one count of gross sexual imposition as a felony of the third degree, and one count of gross sexual imposition as a felony of the fourth degree.

{¶3} The State dismissed the charges of rape and amended the count of gross sexual imposition as a felony of the third degree to a charge of gross sexual imposition as a felony of the fourth degree. Appellant entered a plea of no contest to the amended charge and the original charge of gross sexual imposition as fourth degree felony. The victim on one count was the son of Appellant's girlfriend (hereinafter "B.E."). The victim on the second count was Appellant's stepdaughter (hereinafter "C.P.). The trial court found Appellant guilty upon his pleas.

{¶4} The case proceeded to a sentencing hearing. At the hearing, Appellant requested a sentence of community control sanctions, while the State took no position on sentencing. Appellant's mother spoke on his behalf in mitigation, telling the court she needed Appellant's help at home because of her health, and he would not do what he

---

[1] A full rendition of the facts is not a part of the record before this Court on appeal, as we have been provided only with the transcript of the sentencing hearing and the presentence investigation report. No bill of particulars was filed.

was accused of in this case.  A friend of Appellant's informed the court he was involved in some of the situations with Appellant's ex, and she made his life difficult.  The friend maintained the things Appellant was accused of were not true.  Appellant stated he was sorry for the pain he caused the victims.  The trial court noted guilt was no longer a question because Appellant had entered a plea of no contest, upon which he was convicted.

{¶5}    As to B.E., the trial court stated Appellant was not the parent of the child, who was under the age of ten, but was put in a position where he was left in charge of the child, as a "mentor."  Tr. 7.  The court found Appellant was placed in a position to protect the victim, not use the victim for sexual gratification.  The court noted Appellant had a history of juvenile delinquency, including at least one offense of abduction. Appellant was convicted of violating a temporary protection order and disorderly conduct as an adult.  The trial court expressed concerns over the conviction of violating a temporary protection order because it indicated Appellant could not follow a court order. The trial court also noted while on bail, Appellant violated the terms of his bail by testing positive for alcohol and marijuana.  While the presentence investigation reflected a low recidivism score, the trial court concluded indications of recidivism were likely based on Appellant's history.

{¶6}    The trial court found the presumption in favor of community control had been rebutted.  The trial court sentenced Appellant to twelve months incarceration on each count.  The trial court ordered the sentences to run consecutively, finding pursuant to R.C. 2929.14(C)(4) Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant, and at least

two of the offenses were committed as part of one or more courses of conduct, and the harm was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of Appellant's conduct.

{¶7}    It is from the June 8, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AS OPPOSED TO COMMUNITY CONTROL UPON THE APPELLANT.

II. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES AS OPPOSED TO A CONCURRENT SENTENCE UPON THE APPELLANT.

I.

{¶8}    In his first assignment of error, Appellant argues the trial court abused its discretion in imposing a prison sentence instead of community control.  He argues he does not have an extensive criminal record, was employed at the time of sentencing, had a low recidivism score, his mother needs him to be home to care for her, and he displayed genuine remorse at sentencing.

{¶9}    We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C.

2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶10}** Pursuant to this statute, we may increase, reduce, modify, or vacate a sentence where we clearly and convincingly find the record does not support the trial court's findings pursuant to R.C. 2929.13(B)(1), which provides in pertinent part:

> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> (iii) The offender violated a term of the conditions of bond as set by the court.
>
> (iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

**{¶11}** Appellant has not demonstrated the trial court's finding he violated a term of the condition of his bond and the trial court's finding the instant offenses were fourth degree felony sex offenses in violation of a provision of Chapter 2907 of the Revised Code are contrary to law. We do not find the record does not clearly and convincingly

support the trial court's findings concerning the exercise of its discretion to sentence Appellant to a prison term in this case.

{¶12} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶13} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶14} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶15} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶16} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶17} We do not find the sentence is contrary to law in the instant case. The trial court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. The trial court specifically noted in the sentencing entry Appellant's conduct was more serious than conduct normally constituting the offenses because the injuries caused were exacerbated by the victim's age, and Appellant's relationship with the victims facilitated the offenses. The trial court further states its belief Appellant was more likely to commit future crimes because he has not responded favorably to sanctions previously imposed in adult or juvenile court, he has a history of criminal convictions and juvenile delinquency adjudications, and he did not show genuine remorse. The sentence imposed on Appellant of twelve months for each count is within the sentencing range of six to eighteen months set forth in R.C. 2929.14(A)(4). We find the sentence in the instant case is not contrary to law.

**{¶18}** The first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, Appellant argues the trial court erred in imposing consecutive sentences. He does not argue the trial court failed to make the requisite findings pursuant to R.C. 2929.14, but rather argues generally a twelve-month prison sentence is sufficient to adequately protect the public and punish Appellant.

**{¶20}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

**{¶21}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶22}** In deciding whether to impose consecutive sentencing, the trial court is to consider the aggregate term of incarceration which will result from consecutive sentencing. *State v. Gwynne*, 2022-Ohio-4607, 2022 WL 17870605, ¶¶14-15. In *Gwynne*, the Ohio Supreme Court recently clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above

have very specific meanings and fall into one of two categories—either a

standard of review or an evidentiary standard of proof. "Abuse of discretion,"

"clearly erroneous," and "substantial evidence" are traditional forms of

appellate-court deference that are applied to a trial court's decisions. They

are standards of review that are applied by a reviewing court to certain

decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is that the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court

applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

**{¶23}** *Id.* at ¶¶20-22.

**{¶24}** The trial court found Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant, and at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of his conduct.  Appellant does not specifically

challenge any of the court's findings, but rather argues generally he did not deserve a twenty-four-month sentence.

{¶25}  Upon review of the sentencing transcript and the presentence investigation filed under seal in this case, we are not "left with a firm belief or conviction that the findings are not supported by the evidence."  *See, Id.* at ¶27. With respect to B.E., Appellant violated a position of trust in his relationship with the young child entrusted to his care in the instant case.  The presentence investigation reflected different types of conduct – both Appellant touching the victim, and Appellant having the victim touch him.  The victim was under ten years of age.   The presentence investigation reveals the conduct underlying the conviction of gross sexual imposition involving C.P. involved touching the victim's breast and genital area on top of her clothing.  Although the facts are not as well-developed in the record concerning this charge, as the victim's stepfather, Appellant would similarly have been in a position of trust with respect to C.P. as he was to B.E. at the time of the offense.

{¶26}  Although Appellant does not have an extensive criminal record, he does have both juvenile adjudications of delinquency and adult convictions.  His prior conviction for violating a temporary protection order, coupled with his violation of the terms of his bond in the instant case, demonstrate an inability to comply with court orders.  Although Appellant apologized for hurting the victims, the trial court found he did not demonstrate genuine remorse.  We find the trial court was in a better position than this Court to determine the sincerity of the apology.

{¶27}  The aggregate term of incarceration in the instant case was twenty-four months, just six months more than the court could have imposed for a single offense.  We

do not find clearly and convincingly the record does not support the trial court's findings in the instant case.

**{¶28}** The second assignment of error is overruled.

**{¶29}** The judgment of the Tuscarawas County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur