[Cite as *State v. Hondros*, 2024-Ohio-1903.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos. 23CA000022 & 23CA000023 |
| | : | |
| PETROS HONDROS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court
of Common Pleas, Case Nos.
23CR05/23CR103


JUDGMENT:                                    AFFIRMED


DATE OF JUDGMENT ENTRY:         May 16, 2024


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

LINDSEY K. DONEHUE-ANGLER           MICHAEL GROH
GUERNSEY COUNTY PROSECUTOR          1938 E. Wheeling Ave.
                                       Cambridge, OH 43725
JASON R. FARLEY
627 Wheeling Avenue
Cambridge, OH 43725

*Delaney, P.J.*

{¶1} Defendant-Appellant Petros Hondros appeals the July 20, 2023 sentencing entry issued by the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

### Indictments

{¶2} On January 23, 2023, the Guernsey County Grand Jury indicted Defendant-Appellant Petros Hondros in Case No. 23CR05 on one count of possession of cocaine, a third-degree felony in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(c). After a traffic stop and during a pat-down for weapons, the Cambridge Police Department officer discovered Appellant was in possession of cocaine.

{¶3} On May 17, 2023, the Guernsey County Grand Jury indicted Appellant in Case No. 23CR103 on one count of possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(2)(a). After a traffic stop by the Cambridge Police Department and a consent to search the vehicle, the police officers discovered 40 tablets of Alprazolam in a blue bag. Appellant had a prior drug abuse offense conviction for possession of cocaine in Case No. 19CR216.

{¶4}  Appellant entered a not guilty plea to both charges.

### Plea Agreement

{¶5} Appellant entered into a negotiated plea agreement with the State where Appellant would change his plea to guilty on both charges and the State reserved the right to be heard at sentencing. After a plea hearing on June 30, 2023 and by judgment entry filed on June 30, 2023, the trial court accepted Appellant's plea of guilty to both

charges. The trial court deferred sentencing for the completion of an updated presentence investigation report that would include a copy of the prior presentence investigation report, a narrative report of the officers involved in the matter, a copy of the laboratory reports, and an updated records check.

### Sentencing

{¶6} The sentencing hearing was held on July 20, 2023. At the hearing, the trial court noted the contents of the updated presentence investigation report. The State argued Appellant should be sentenced to a 30-month prison sentence on the third-degree felony charge and a 9-month prison sentence on the fifth-degree felony charge based on Appellant's prior felony record and that the offenses were committed less than one year after being released on transitional control from his last case. (T. 6). Appellant argued that he did not commit violent crimes due to his substance abuse. (T. 8). Appellant told the trial court that he had been accepted into a 90-day residential treatment program to address his substance use disorder. (T. 9).

{¶7} The trial court considered the purposes and principles of sentencing. It recited Appellant's criminal history which included a conviction for drug abuse at age 23, a conviction for disorderly conduct at age 24, a conviction for possession of cocaine at age 33, a conviction for failure to appear at age 33, and a conviction for possession of cocaine at age 46. (T. 20). Appellant was 50 years old. Appellant had been on community control with motions to revoke, showing that Appellant did not respond to sanctions in the past. (T. 20). There was a presumption in favor of prison and while Appellant showed genuine remorse at the sentencing hearing, the trial court found that recidivism was more likely than less likely. (T. 20). The trial court sentenced Appellant to a 24-month prison

term on the third-degree felony in Case No. 23CR05 and a 9-month prison term on the fifth-degree felony in Case No. 23CR103. (T. 21).

{¶8} The trial court next found that consecutive sentences were necessary to protect the public from future crime, not disproportionate to the seriousness of the conduct, and Appellant's record demonstrated consecutive sentences were necessary. (T. 21). The Appellant was ordered to serve a 33-month prison term.

{¶9} The sentencing entry was filed on July 20, 2023, from which Appellant now appeals and raises one Assignment of Error.

## ASSIGNMENT OF ERROR

{¶10} Appellant raises one Assignment of Error:

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

## ANALYSIS

{¶11} Appellant argues the trial court erred in sentencing him to consecutive sentences. We disagree.

{¶12} Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 2019-Ohio-4761, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 2020-Ohio-6729, ¶ 39; *State v. Toles*, 2021-Ohio-3531, ¶1 0.

{¶14} An appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings. The Ohio Supreme Court has spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. *State v. Grant*, 2023-Ohio-4614, ¶ 23 (5th Dist.). In *State v. Gwynne*, 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial

court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Grant* at ¶ 23.

{¶15} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smart*, 2023-Ohio-955, ¶ 21 (5th Dist.) citing *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶16} The trial court found Appellant's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime by Appellant. Appellant does not specifically challenge any of the trial court's findings on appeal, but rather argues generally that he did not deserve a 33-month sentence.

{¶17} In this case, the record clearly and convincingly supports the trial court's imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4). Appellant had three prior felony convictions and was off of transitional control for less than a year when he committed the offense of possession of cocaine. The aggregate term of incarceration in the instant case was 33-months, 3 months less than the court could have imposed for maximum term on a single offense third-degree felony. *See State v. Smart*, 2023-Ohio-955, ¶ 27 (5th Dist.).

{¶18} Appellant's sole Assignment of Error is overruled.

## CONCLUSION

{¶19} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Baldwin, J., concur.